**UNITED STATES of America,**
**Plaintiff,**

**v.**

**STATE OF ALABAMA; Wheeler Dyson, and Charles Donald Scott, Registrars of Voters of Macon County, Alabama, Defendants.**

**Civ. A. No. 479–E.**

United States District Court
M. D. Alabama, E. D.
Nov. 17, 1960.

Ben Brooks, D. Robert Owen, Attorneys, U. S. Dept. of Justice, Washington, D. C., and Hartwell Davis, U. S. Atty., Montgomery, Ala., for plaintiff.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Chief Asst. Atty. Gen., Leslie Hall and Gordon Madison, Asst. Attys. Gen., State of Alabama, for defendants.

JOHNSON, District Judge.

This cause is now submitted upon the motion of the defendants filed herein on October 18, 1960, separately and severally, wherein said defendants seek to have this Court dismiss the complaint as amended and supplemented, said amended and supplemental complaint having been filed herein on October 7, 1960.

The defendants' motion to dismiss is based upon over one hundred grounds and is directed to the sufficiency of the complaint as amended and supplemented, jurisdictional questions, parties to the suit, and contentions that the United States has no right to commence or prosecute this action because it seeks preventive relief on behalf of a group or class of persons. Included in these contentions is an attack on the constitutionality of the Civil Rights Act of 1957 and the Civil Rights Act of 1960.

The amended and supplemental complaint alleges certain acts and practices on the part of the defendants by which certain citizens have been deprived of a right and privilege secured by § 1971(a), Title 42 U.S.C.A., namely, the right and privilege of citizens of the United States who are otherwise qualified by law to vote to be entitled and allowed to vote

without discrimination or distinction because of race or color.[1] It should be noted that these allegations include and follow the essential requirements of the Congressional enactment.

It should also be noted that the Congress of the United States in enacting § 1971(c), Title 42 U.S.C.A.,[2] specifically authorizes the Attorney General of the United States to institute litigation for preventive relief "[w]henever any person has engaged or * * * is about to engage in any act or practice which would deprive any other person of any right * * * secured by subsection (a) * * *." Thus, it is apparent that the complaint as amended and supplemented seeks the preventive relief authorized by Congress, and the public officer, that is, the Attorney General of the United States, is authorized to institute such litigation for the purpose of obtaining such preventive relief.

■ The various contentions in defendants' motion to dismiss attacking the jurisdiction of this Court are clearly unfounded. The Congress of the United States expressly conferred juisdiction on "the district courts of the United States" by § 1971(d), Title 42 U.S.C.A.[3] The related contentions that the relief sought by the plaintiff is not within the jurisdictional power of the courts of the United States and that the courts of the United States have no jurisdiction to enjoin the state and its officers were treated by this Court in State of Alabama, etc. v. Rogers, 187 F.Supp. 848, 854, where this Court said:

"Although the particular qualifications one must possess to exercise this right to vote are left to the states—*as long as that exercise is within the constitutional framework* —the power to protect voters who are qualified is confided to the Congress of the United States."

See also this Court's opinion in In re Wallace et al., 170 F.Supp. 63, wherein this Court ruled against a similar claim that was predicated upon the theory that the states have exclusive jurisdiction in the field of voting.

■ Those grounds in defendants' motion to dismiss that are predicated upon the theory that the United States is not the real party in interest and that this is a "vicarious controversy" are unfounded. This issue was disposed of in United States v. Raines et al., 362 U.S. 17, 80 S.Ct. 519, 526, 4 L.Ed.2d 524, wherein the Supreme Court stated:

"But there is the highest public interest in the due observance of all the constitutional guarantees, including those that bear the most directly on private rights, and we think it perfectly competent for Congress to authorize the United

---

1. Title 42 U.S.C.A. § 1971(a)—"All citizens of the United States who are otherwise qualified by law to vote at any election by the people in any State, Territory, district, county, city, parish, township, school district, municipality, or other territorial subdivision, shall be entitled and allowed to vote at all such elections, without distinction of race, color, or previous condition of servitude; any constitution, law, custom, usage, or regulation of any State or Territory, or by or under its authority, to the contrary notwithstanding."

2. Title 42 U.S.C.A. § 1971(c)—"Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive any other person of any right or privilege secured by subsection (a) or (b) of this section, the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order. In any proceeding hereunder the United States shall be liable for costs the same as a private person."

3. Title 42 U.S.C.A. § 1971(d)—"The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this section and shall exercise the same without regard to whether the party aggrieved shall have exhausted any administrative or other remedies that may be provided by law."

States to be the guardian of that public interest in a suit for injunctive relief."

■ It necessarily follows that since the United States is the real party in interest in actions such as this, the Eleventh Amendment to the Constitution of the United States presents no bar to the institution and prosecution of this action. See United States v. Texas, 143 U.S. 621, 12 S.Ct. 488, 36 L.Ed. 285, and United States v. California, 332 U.S. 19, 67 S.Ct. 1658, 91 L.Ed. 1889.

■ The related contentions of the defendants that the State of Alabama is not accountable for any discriminatory acts on the part of its registration officials are also without merit. Any discriminatory acts on the part of state officials while acting in the discharge of their official duties, which deprive citizens of their constitutional rights are properly imputed to the state when the action to prevent such discrimination is to secure rights as guaranteed by the Fourteenth and Fifteenth Amendments to the Constitution of the United States. As a matter of fact, it is only because of the states' constitutional responsibility that the actions on the part of state officials fall within the prohibition of these constitutional amendments. See United States v. Raines et al., supra, and Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 1409, 3 L.Ed.2d 5, in this latter case the Supreme Court stating:

"'[When an official] is clothed with the State's power, his act is that of the State. This must be so, or the constitutional prohibition has no meaning.' Ex parte Virginia, 100 U.S. 339, 347 [24 L.Ed. 676]."

■ As a matter of fact, such contention on the part of the defendants ignores subsection (b), Title VI of the Civil Rights Act of 1960, 74 Stat. 86, which subsection amended the 1957 Act to specifically authorize a suit such as the suit now before this Court to be filed and prosecuted against a state. The legislative history of this part of the 1960 Act indicates that it grew out of the ruling of this Court in this case, wherein this Court on March 6, 1959,[4] dismissed this action with the observation that it was "the individual officers that preventive relief * * * must be obtained against", and also "the Act [1957 Civil Rights Act] was only to be used to obtain preventive relief against individual persons" and not against states. Thus, the several contentions by the defendants to the effect that the 1957 and 1960 Civil Rights Acts are unconstitutional as not being "appropriate legislation" are equally without merit. This Court has already held in In re Wallace, supra, that such a contention is unfounded insofar as the 1957 Civil Rights Act is concerned. See also United States v. Raines et al., supra, wherein the Supreme Court of the United States held the 1957 Act to be "appropriate legislation" under the Fifteenth Amendment to the Constitution of the United States. As to the constitutionality of Title III of the 1960 Act, see the opinion of this Court in State of Alabama ex rel. Gallion v. Rogers, 187 F. Supp. 848. Insofar as the points defendants now direct to Title VI of the 1960 Act are concerned, the same conclusions stated by this Court in the opinion rendered in that case are applicable.

For the foregoing several reasons, this Court is of the firm opinion that the defendants' motion to dismiss is without merit and should be overruled and denied.

A formal order will be entered accordingly.

---

4. United States v. State of Alabama, etc., D.C., 171 F.Supp. 720, 727, affirmed 5 Cir., 267 F.2d 808, and reversed by the Supreme Court of the United States, 361 U.S. 893, 80 S.Ct. 196, 4 L.Ed.2d 150.